Good morning, your honors. You may proceed. Thank you. This is the court grease on behalf of Petitioner Satnam Singh. The court correctly highlighted the case that recently came out of the Ninth Circuit of Singh v. Garland. The facts of this case are even worse than that case. We have besides a fundamentalist ruling party, the Bharatiya Janata Party BJP, which is a Hindu fundamentalist party, far worse than the Congress Party. They religiously attacked him, which the court gave no attention to. You have highlights of country conditions showing this is a Hindu fundamentalist party ripping the Indian Constitution apart trying to make India into a Hindu theocratic state. You're talking about the BJP party, right? That is correct. Those are the assailants in my case. So didn't the IJ make a finding that there were no instances of persecution or assassination by the BJP party against man party followers? If she made such a ruling, she had no basis to make such a ruling because they had no facts. What she had in the record, which you have in the record, your honor, is the latest report from the United States Commission on Religious Reports that shows that the BJP is a fundamentalist party targeting religious minorities, specifically on transcript 323000323 and killing Sikhs. And there is something in there which says that the BJP party has instances of persecuting or assassinating man party members. Specifically, not only does it state that, I can read from it on page 327. It has a section called violations against Sikhs. And it tells you how it's killing Sikhs in India today. It ends by saying police officers opened fire at the unarmed protesters killing two and injuring 70 others and several Sikh protesters were arrested under the sedition law in complete contradiction of what you just stated the judge found because you never read this report. And what you just read, it doesn't sound to me like it's in complete contradiction of what the finding was, but but we'll just have to have a different view. If you read above it, it states over there how Hindus are violating Sikhs rights, how they conduct themselves by their turbans, and how they wear their clothes. Then there's another article right, stating underneath that on 000343 in the transcript, that shows how they use the police to kill people, such as my client, unlike Singh versus Garland or or who was raped, he was specifically targeted by the Indian police. The Indian police refused to protect him. They stated they were going to jail him. India is a very flagrant violator is written under the United States Department of State report on page one, is security forces have the power with impunity to arrest, kill and torture individuals like my client. The overwhelming evidence over here plus the Ninth Circuit cases coming out from four versus Wilkinson to sing versus Garland show persistent harm in Punjab to seek separatist members of the Mon party. Council for the government has made a false distinction saying you need serious injuries. That is not the law of this circuit or the law of the Board of Immigration appeals. Persecution does not require you to establish permanent or serious injuries of fear and they're the bi leading case of matter of Aussie versus Izzy establishes that it's fact dependent. If you have no other questions, I'd like to keep the remainder of my time for rebuttal. Thank you very much. Yeah, we'll hear from the government. Good morning, your honors. I may have pleased the court. I'd like to address some points raised by opposing counsel and clarify some items for the record. First of all, the IJ immigration judge in this case did consider the report that opposing counsel just mentioned to you that about the instance, one instance of Punjab police shooting at unarmed protesters. That is part of the religious freedom report. And the immigration judge expressly considered that report that's on record page 81 of her decision. She cites exhibit DD double D. That is exactly the report that was just referenced. And she found that notwithstanding that one instance of two in 2015 of the Punjab police shooting at these unarmed protesters, the petitioner in this case has not shown how that general report establishes that he is an individualized risk of persecution. Well, those arguments have to do with the well-founded fear of future persecution, correct? Yes, your honor. That's correct. But I'm addressing as a counter to petitioner's point. It's basic. So turning to whether or not the record supports past persecution or whether the incidences rose to the level of persecution, you would agree, I think, that the BIA did not engage in a Burbano Affirmance, correct? It was not a Burbano Affirmance. So we looked, we looked, we looked to the BIA decision alone, except to the extent that it adopted the IJ findings, right? That is a correct statement of the law, your honor. In this case, I will highlight that the board did cite and therefore incorporate parts of the immigration judge's decision. Specifically, if you look at page of the record at page four, the board cites to pages 77 and 78 of the record, and that contains the whole past persecution analysis. Well, the board did not make any independent conclusions about whether, about the death threats, correct? Not expressly so, but it did so with incorporation. Well, it's hard for me to read that into it, but let's, your supplemental brief cites a and so forth, but aren't we confined to what the agency actually said in its decision under Chenery? Yes, your honor, that's correct. So here's my difficulty, and I understand your argument, is that the board did not, relied only on the IJs, expressly on the IJs finding that there were two instances of beatings that didn't rise to the level, and that didn't rise to the level of persecution. And I understand our case law is not entirely consistent on this, but the Singh case, and I'm talking about the Shanister-Singh case, there were two beatings, a death threat, so it's similar to this one, and the beatings harm in this case than they were in the prior case. So why shouldn't we let the BIA take a look at Singh, and you can make all the arguments you want in the alternative and see if Singh controls this or not, because if you just take Singh, the prior Singh case and this Singh case on past persecution, they're pretty close. Your honor, I wasn't arguing with you, I'm just asking a question. Yes, and if I may sort of parrot what I think you're asking, you're asking if remand is warranted for the board to reconsider the case in light of Shanister-Singh, is that an accurate explanation? Yes. Okay, remand is not warranted here, and it's because, again, to my point, the board, and I'm going to quote from the board right now, this is at page three, the board says, we consider the totality of the circumstances to determine whether treatment rises to the level of persecution. And then it cites to the IJ at pages three and four of the IJ decision, turn the page, and then it says, the board at the end of the first paragraph, it says, because of the cumulative harm experienced was not sufficiently severe, we affirm the immigration judge. Again, and if you look a few lines up, they're incorporating the immigration judge's decision. The immigration judge here... But usually, when they say that, they use the word incorporate. I mean, having seen a lot of BIA cases, and you have too, I'm just... Here's my concern, is that if I'm talking to our other panel who decided the Pryor-Singh case, and I said, this is really a lot different, I'm having difficulty saying how much to quantify the differences in the cases based on the board's decision. Right. I'd also like to highlight that at the end, the immigration judge provides a detailed three-page summary of petitioner's testimony, and in that, finds facts that are sufficient to review this case for substantial evidence. And I think we need to highlight what that really means, what the substantial evidence standard really means. It is a highly deferential standard. The court is not to make findings of fact in the first instance. The only question that the court needs to answer is, could any reasonable adjudicator have agreed with the agency's no-pass persecution determination here, even in light of Shamshir-Singh, which, as I've highlighted throughout my supplemental brief, I explained why those differences are meaningful. But again, going to your question about remand and all of that, all of the facts that you would need to answer that question have already been found. Specifically, I'd point you to pages 73 and 76 of the record, and then continuing on to the rest of the immigration judge's analysis that was fully incorporated by the board. Okay. And, your honors, because this case can be reconciled with Shamshir-Singh, the agency's no-pass persecution conclusion was reasonable. And under that standard, under the substantial evidence standard, the record does not compel reversal of that determination. Moreover, as I laid out in the supplemental brief, the agency's no-pass persecution determination is not an outlier among this court's precedents. There have been decades and decades of decisions by this court, presidential ones, where pass persecution was not compelled in cases that could arguably be seen as showing worse harm than what Petitioner here suffered. And the agency, and I give the immigration judge a lot of credit with this one, the immigration judge went through a very detailed analysis of how her conclusion resonates with this court's precedent. She really went out of her way to explain how it fits in. And so, this court should feel hard-pressed to find that the record does not compel a contrary conclusion here. I see we only have two more minutes. I will just briefly discuss well-founded fear because that is another issue that this does not compel pass persecution. On that point, I will just say that as explained in the answering brief, Petitioner did not meaningfully challenge the agency's reasonable well-founded fear determination and therefore waived it. He did not rebut the government's waiver argument in his reply brief. And in any event, for reasons provided in the answering brief, the record does not compel a well-founded fear conclusion. If there are no further questions, because Petitioner presented no evidence to compel a pass persecution conclusion, and if the court finds that he even preserved the issue to compel a well-founded fear conclusion, the court should deny the petition for review. Thank you, counsel. Thank you very much. I'll go ahead and do it. Thank you. We'll hear rebuttal. Thank you very much, Your Honor. On behalf of Mr. Singh, the judge forgot to mention what the police did in this case, which counsel didn't mention. The judge forgot to state what was on page one of the religious report. On page one, in 2015, religious tolerance deteriorated and religious freedom violations increased in India among its minority communities. Headlines. The first page of the United States Department of State report states how security forces in India are flagrant violators. That should compel anybody. You can't ignore that and say, well, she dealt with it. She never discussed it. Now, why is Singh versus Garland so important in this case? And my client's case is even much different from it, and it was forced to flee his home for repeated assaults. Forgetting Singh versus Garland. Let's go to all of the Ninth Circuit cases. Mashiri versus Ashcroft. Death rates accompanied by harm constitute past persecution. Chung versus INS. Physical violence inflicted against an individual often meets the requirements of severity that characterizes persecution. In this case, you have a death threat. A death threat made by individuals who can carry it out. You have the police enforcing it. The police have been coming to his house seeking him out. These are far different egregious facts than Singh versus, I mean, Singh versus Garland. But the main thing out of Singh versus Garland and Orr is, which counsel never addressed, is that Maan Party members, as Sikh separatists, are unable to carry on their political opinion in Punjab today, and have faced persistent threats. She never addressed that. And that is the basis of Singh versus Garland, resting on Orr versus Wilkinson, resting on Singh versus Whitaker. Thank you very much. And in the other Singh versus Garland, the persecutors were the Congress Party, correct? The Congress Party are a secular party, and this court found them to be... But in Singh versus Garland, you would agree that the persecutors were Congress Party members with a history of persecution of the Maan Party, correct? Correct. They have a persistent history in Punjab of violence against Maan Party members. And none of the evidence in this case with the harm your client suffered was by members of the Congress Party, correct? That is completely correct as well. It was by a Hindu fundamentalist party, a violent Hindu fundamentalist party that hates Sikhs and hates Indian minorities, and is trying to make India into a Hindu-theocratic state, unlike the Congress Party. Thank you. Thank you both for your arguments this morning. The case just argued to be submitted for decision.
judges: THOMAS, BENNETT, Moskowitz